[Cite as *Wakley v. Dept. of Transp.*, 2010-Ohio-2180.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL M. WAKLEY

Plaintiff

and

DEPT. OF TRANSPORTATION

Defendant

Case No. 2009-04254-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)   On April 12, 2009, at approximately 1:15 a.m., plaintiff, Michael M. Wakley, was traveling south on Interstate 75 about two miles before the St. Bernard Exit in Hamilton County, when his 2001 Chevrolet Impala struck a pothole causing tire and rim damage to the vehicle.

{¶ 2} 2)   Plaintiff asserted the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous defects such as the pothole on Interstate 75. Plaintiff filed this complaint seeking to recover $602.36, the complete cost of automotive repair resulting from the April 12, 2009 incident.  The filing fee was paid.

{¶ 3} 3)   Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to the April 12, 2009 property damage occurrence.  Defendant located the pothole at some point between milepost 8.00 to 8.50 on Interstate 75 in Hamilton County.  Defendant explained ODOT records show no reports of a pothole between milepost 8.00 to 8.50

were received prior to April 12, 2009. Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to April 12, 2009. Defendant suggested "it is likely the pothole existed for only a short time before the incident."

{¶ 4}   4)   Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered between mileposts 8.00 and 8.50 on Interstate 75 the last time that section of roadway was inspected prior to April 12, 2009. Defendant's maintenance records show that potholes were patched in the vicinity of plaintiff's incident on March 9, 2009, March 10, 2009, and March 13, 2009.

## CONCLUSIONS OF LAW

{¶ 5}   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6}   Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the

accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time the pothole was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show defendant had actual notice of the pothole. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the pothole. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.

{¶ 9} Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has not proven, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him, or that his property damage was proximately caused by defendant's negligence. Plaintiff has failed to show the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL M. WAKLEY

    Plaintiff

    v.

DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-04254-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                          _____
                          DANIEL R. BORCHERT
                          Deputy Clerk

Entry cc:

Michael M. Wakley                Jolene M. Molitoris, Director
611 Sonoma Valley Court       Department of Transportation
Apt. 7                           1980 West Broad Street
Crestview Hills, Kentucky 41017     Columbus, Ohio 43223

RDK/laa
2/3
Filed 2/18/10
Sent to S.C. reporter 5/14/10